Case 3:14-cv-05587-JAP   Document 4-2   Filed 09/09/14   Page 1 of 37 PageID: 642

Case 14-24874-KCF    Doc 148-4    Filed 09/05/14   Entered 09/05/14 14:34:44    Desc
Declaration of Adesh Tyagi iin Support of Motion    Page 1 of 12

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota
Ilana Volkov
Ryan T. Jareck
Appellate Counsel for Cloudeeva, Inc.,
Former Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
HONORABLE KATHRYN C. FERGUSON
CASE NO. 14-24874 (KCF)

In re:

CLOUDEEVA, INC.,

        Former Debtors and Debtors-
in-Possession. [1]

Chapter 11
(Jointly Administered)

**DECLARATION OF ADESH TYAGI IN**
**SUPPORT OF MOTION OF**
**CLOUDEEVA, INC. PURSUANT TO**
**FED. R. BANKR. P. 8005 FOR A STAY**
**PENDING APPEAL OF THE ORDER**
**DISMISSING CHAPTER 11 CASES**

     I, Adesh Tyagi, pursuant to 28 U.S.C. § 1746, declare as follows:

---

[1] The former debtors and debtors-in-possession in these Chapter 11 cases are Cloudeeva, Inc., a
Delaware corporation, and Cloudeeva, Inc., a Florida corporation.

53249/0001-10947235v5

Case 3:14-cv-05587-JAP   Document 4-2   Filed 09/09/14   Page 2 of 37 PageID: 643
Case 14-24874-KCF   Doc 148-4   Filed 09/05/14   Entered 09/05/14 14:34:44   Desc
Declaration of Adesh Tyagi iin Support of Motion   Page 2 of 12

1.      I am the Chairman and Chief Executive Officer of Cloudeeva, Inc., a Delaware corporation ("**Cloudeeva Delaware**"), and Cloudeeva, Inc., a Florida corporation ("**Cloudeeva Florida**" and, together with Cloudeeva Delaware, referred to herein collectively as the "**Company**").

2.      I submit this declaration (the "**Declaration**") in support of the Company's motion pursuant to Fed. R. Bankr. P. 8005 (the "**Stay Motion**") for a stay pending appeal of this Court's August 22, 2014 order [Docket No. 130] (the "**Dismissal Order**") dismissing these Chapter 11 cases (the "**Cases**"). The Dismissal Order was entered in response to the motion [Docket No. 45] (the "**Dismissal Motion**") of Bartronics Asia Pte Ltd ("**BAPL**"), a <u>competitor</u>,[2] for entry of an order (i) directing the appointment of a Chapter 11 trustee or, in the alternative, (ii) dismissing the Cases. If the Dismissal Order is not stayed, Cloudeeva Delaware will be forced to cease operations and in excess of 300 employees will lose their jobs. While this is precisely the result BAPL desires so it can steal Cloudeeva Delaware's customers, respectfully, it is not the result this Court should permit.

3.      All matters set forth in this Declaration are based on (a) my personal knowledge, (b) my review of relevant documents, or (c) my opinion, based on my personal experience and knowledge of the Company's business and financial condition. If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein.

<u>**Business Background**</u>

4.      In 1994, I founded Systems America, Inc., a Delaware corporation ("**Systems America Delaware**"). Systems America Delaware focused its operations on delivering

---

[2] As the Court is aware, BAPL, through its various affiliates such as Infokall, Dexpro Systems, HCM Logic, Wizcom and GSS Infotech, provides services in direct competition with Cloudeeva Delaware.

2

Case 3:14-cv-05587-JAP   Document 4-2   Filed 09/09/14   Page 3 of 37 PageID: 644
Case 14-24874-KCF   Doc 148-4   Filed 09/05/14   Entered 09/05/14 14:34:44   Desc
Declaration of Adesh Tyagi iin Support of Motion   Page 3 of 12

professional services and solutions in the areas of cloud computing, social media, data warehousing, business intelligence, mobility, and enterprise resource planning.  In June 2010, Systems America Delaware became a wholly owned subsidiary of Systems America, Inc., a publicly traded Florida corporation ("**Systems America Florida**").  Systems America Florida was a holding company for various subsidiaries providing global information technology solutions and services focusing on employee productivity, guest experience enhancement, customer service, sales, and a multitude of other business critical activities.

### The Stock Exchange Agreement with BAPL

5.      On December 7, 2012, Systems America Florida and BAPL entered into a Stock Exchange Agreement (the "**SEA**") pursuant to which BAPL transferred 100% of the equity of Bartronics America, Inc. ("**BAI**") to Systems America Florida, and BAPL received 62% of the equity of Systems America Florida.  BAI was subsequently merged into Systems America Delaware.  Thereafter, Systems America Delaware became known as Cloudeeva Delaware and Systems America Florida became known as Cloudeeva Florida.

### The Company's Financial Information

6.      Cloudeeva Delaware employs 318 W-2 employees and 27 independent contractors in the United States.  In 2013, it generated revenues of approximately $34.5 million; in the first half of 2014, it generated revenues of $15.7 million.  As of the July 21, 2014 commencement of these Cases (the "**Petition Date**"), Cloudeeva Delaware had assets of approximately $5 million, which consist mainly of accounts receivables ($3.5 million).  The Company has liabilities of approximately $9 million, which include amounts due and owing to or for independent contractors, vendors, merchandise, utilities, rent, professional fees, employee-related expenses, and taxes.  Of that amount, approximately $5.3 million constitutes trade vendor

3

53249/0001-10947235v5

Case 3:14-cv-05587-JAP   Document 4-2   Filed 09/09/14   Page 4 of 37 PageID: 645
Case 14-24874-KCF    Doc 148-4    Filed 09/05/14    Entered 09/05/14 14:34:44    Desc
Declaration of Adesh Tyagi iin Support of Motion    Page 4 of 12

payables owed to approximately 138 creditors. As of the Petition Date, Cloudeeva Delaware was also a party to approximately 620 executory contracts and unexpired leases and numerous lawsuits in which it was a defendant.

7.      Cloudeeva Delaware is headquartered in East Windsor, New Jersey, with regional offices in San Ramon, California (executive office) and Rolling Meadows, Illinois, and international offices in New Delhi, Hyderabad, Bangalore and Kolkata, India.

### BAPL Commences Litigation in the New Jersey Superior Court

8.      After the merger, a dispute arose regarding the management and control of Cloudeeva Delaware. BAPL filed a complaint in the Superior Court of New Jersey seeking injunctive relief to remove me from control of Cloudeeva Delaware.

9.      On July 31, 2013, the Superior Court of New Jersey denied the temporary restraining order application. In so doing, the Superior Court of New Jersey found that BAPL was not likely to succeed on the merits, the equities did not favor BAPL, and that injunctive relief was not necessary because monetary damages would suffice if BAPL was ultimately successful.

10.      In response to these adverse findings, BAPL was willing to and did enter into a consent order, among other things, acknowledging me as the Chief Executive Officer of Cloudeeva Delaware and agreeing that I alone was in control of the bank accounts of Cloudeeva Delaware. BAPL thereafter dismissed the Superior Court of New Jersey lawsuit.

### BAPL Forum Shops To Superior Court of California

11.      Following the Superior Court of New Jersey's rejection of BAPL's application for injunctive relief and BAPL's voluntary dismissal of that action, BAPL re-filed its case in September 2013 in state court in California (the "**BAPL California Litigation**"), seeking

4

53249/0001-10947235v5

Case 3:14-cv-05587-JAP   Document 4-2   Filed 09/09/14   Page 5 of 37 PageID: 646
Case 14-24874-KCF   Doc 148-4   Filed 09/05/14   Entered 09/05/14 14:34:44   Desc
Declaration of Adesh Tyagi iin Support of Motion   Page 5 of 12

substantially similar relief that already had been denied by the Superior Court of New Jersey. The BAPL California Litigation also sought to rescind the SEA, which was referred to JAMS for arbitration (the "**Arbitration**").

12.    On October 15, 2013, the California Superior Court entered an order, a copy of which is attached as **Exhibit A**, granting a preliminary injunction (the "**Preliminary Injunction**") prohibiting the Company from "encumbering any assets of Cloudeeva, Inc., a Delaware corporation or using any assets of Cloudeeva, a Delaware corporation, as collateral for any loan" pending the outcome of the BAPL California Litigation.

13.    On October 17, 2013, the Company filed a cross-complaint in the BAPL California Litigation that added 28 cross-defendants, all of which are affiliates of or former management of BAPL or BAI, which seeks damages in excess of $30 million for fraudulent transfers of Cloudeeva Delaware assets.

### Factoring Receivables

14.    As a result of costs incurred in connection with the litigation with BAPL and interruptions in Cloudeeva Delaware's business caused by BAPL's lock-out of employees in India that were performing back-office services such as billing and collection for Cloudeeva Delaware, the Company suffered a cash flow crisis in early 2014.  In order to meet operating expenses, the Company sought authority from the Superior Court of California to enter into a factoring agreement.  By order entered on March 10, 2014, the Superior Court of California modified the Preliminary Injunction to allow Cloudeeva Delaware to factor its receivables on a limited basis.

15.    On March 13, 2014, Cloudeeva Delaware entered into a factoring agreement (the "**Factoring Agreement**") with Prestige Capital Corporation ("**Prestige**").  Pursuant to the

5

Case 3:14-cv-05587-JAP   Document 4-2   Filed 09/09/14   Page 6 of 37 PageID: 647
Case 14-24874-KCF   Doc 148-4   Filed 09/05/14   Entered 09/05/14 14:34:44   Desc
Declaration of Adesh Tyagi iin Support of Motion   Page 6 of 12

Factoring Agreement, Prestige would advance Cloudeeva Delaware 80% of the face value of specific accounts receivable sold under the Factoring Agreement up to a maximum amount of $2,000,000. Prestige would then hold in reserve the difference between the purchase price for the specific receivables purchased and the 80% advance (the "**Reserve**"). Cloudeeva Delaware's customers – even those whose receivables were not factored - were directed to pay their invoices into a lockbox account in the name of Cloudeeva, Inc. c/o Prestige at Santander Bank (the "**Lockbox Account**"). Any accounts receivable inadvertently paid to Cloudeeva Delaware instead of the Lockbox Account are held in the depository accounts of Cloudeeva Delaware and must be transferred on a weekly basis to the Lockbox Account. Provided there are no outstanding chargebacks or disputes, Prestige would pay the Reserve, less any sums due Prestige, within five business days of the date on which the factored accounts are collected. New advances under the Factoring Agreement, if any, and funds on account of non-factored receivables received in the Lockbox Account are transferred into Cloudeeva Delaware's depository accounts at Wells Fargo Bank. Thus, even with respect to receivables that are not factored, there is up to a 4-day delay in Cloudeeva Delaware's ability to use that revenue for payment of operating expenses.

16.     The obligations due to Prestige are secured by a lien on all of Cloudeeva Delaware's accounts, inventory, machinery and equipment, instruments, documents, chattel paper and general intangibles, and the proceeds thereof. The obligations to Prestige are further secured by a personal guarantee from me.

17.     Because the Company's liquidity crisis turned out to be more severe than originally anticipated, the Company sought a further modification of the Preliminary Injunction to approve an increase in the amount of accounts factored to meet operating expenses and to

6

Case 3:14-cv-05587-JAP   Document 4-2   Filed 09/09/14   Page 7 of 37 PageID: 648
Case 14-24874-KCF   Doc 148-4   Filed 09/05/14   Entered 09/05/14 14:34:44   Desc
Declaration of Adesh Tyagi iin Support of Motion   Page 7 of 12

expand the authority to factor additional receivables going forward.  The Superior Court of

California denied this request in an order entered on June 9, 2014, a copy of which is attached as

**Exhibit B**, ruling:

> Given the apparent difficulty defendant has had in estimating the
> duration of the need for and the actual costs of factoring and in
> complying with the court's conditions placed on obtaining factoring, this
> court is unwilling to further extend the exception to allow the company
> to increase its operating costs and/or to incur debtor while this action is
> pending. . . Defendant must explore other ways in which to meet its
> payroll obligations on (sic) the short term.

18.     As such, as of June 9, 2014, the Company was without sufficient liquidity and

with no financing to continue to operate in the ordinary course of business.  At the direction of

the Superior Court of California, in the absence of factoring, the Company attempted to expedite

the collection of revenue so that it could meet its operating expenses.  It also undertook extensive

cost cutting measures to improve its financial condition, including termination of outside counsel

and hiring in-house counsel to represent the Company in litigation matters, reducing

administrative personnel, and eliminating certain executive positions.  In addition, the Company

was forced to be selective in what operating expenses it paid.  For example, although the

Company was able to meet payroll, it could not pay its related payroll tax obligations of

approximately $1 million.  As explained below, it became apparent that the efforts the Company

was undertaking in the face of a lack of financing were insufficient to resolve the Company's

liquidity issues.

53249/0001-10947235v5

Case 3:14-cv-05587-JAP   Document 4-2   Filed 09/09/14   Page 8 of 37 PageID: 649
Case 14-24874-KCF    Doc 148-4    Filed 09/05/14   Entered 09/05/14 14:34:44    Desc
Declaration of Adesh Tyagi iin Support of Motion    Page 8 of 12

## Commencement of the Cases and Motion to Factor Receivables

19.     In the ordinary course of its business, Cloudeeva Delaware bills its clients for the services Cloudeeva Delaware's employees render to those clients on a monthly basis. The clients, in turn, pay the monthly invoices generally 30-60 days after the services are performed, i.e., one to two months in arrears. Cloudeeva Delaware's employee-related expenses associated with those services, however, are due and payable prior to Cloudeeva Delaware's realization of revenue for those services. Thus, there is a meaningful delay between the rendition of services and receipt of payment on account thereof.

20.     For example, for the month of August 2014, Cloudeeva Delaware is required to pay the expenses for consultants and general and administrative expenses by September 15, 2014, whereas Cloudeeva Delaware may not get paid for the services provided by those consultants in August until, at the earliest, October 8, 2014. Therefore, Cloudeeva Delaware must either build a significant cash reserve and/or secure financing to meet payroll, including payroll insurance, workers' compensation and payroll taxes to local, state and federal governmental agencies. The Factoring Agreement enables Cloudeeva Delaware to address the timing problem.

21.     As a result of the California court's restrictions on Cloudeeva Delaware's ability to factor its receivables, and despite the cost cutting measures referenced above, the Company was forced to commence the Cases to access much needed debtor-in-possession financing and to obtain a "breathing spell" from the imminent creditor enforcement actions as well as pending litigation in which the Company was a defendant (see ¶¶ 28-29 below).

22.     Specifically, as set forth in the budget annexed to the Factoring Motion (as defined below), as amended, absent factoring, Cloudeeva Delaware would have run out of cash

53249/0001-10947235v5

Case 3:14-cv-05587-JAP   Document 4-2   Filed 09/09/14   Page 9 of 37 PageID: 650
Case 14-24874-KCF   Doc 148-4   Filed 09/05/14   Entered 09/05/14 14:34:44   Desc
Declaration of Adesh Tyagi iin Support of Motion   Page 9 of 12

during the week ending September 12, 2014. The Superior Court of California stated in its June 9, 2014 order that Cloudeeva Delaware "must explore other ways in which to meet its payroll obligations on (sic) the short term." The only realistic way to meet those obligations was to commence the Cases and seek authority from this Court to obtain debtor-in-possession financing. Otherwise, Cloudeeva Delaware would have had no choice but to cease operations and cause the loss of hundreds of jobs.

23.     Accordingly, on the Petition Date, the Company filed a motion for approval of a proposed factoring agreement and proposed order authorizing immediate financing [Docket No. 12] (the "**Factoring Motion**"). On July 23, 2014, BAPL filed an objection to the Factoring Motion [Docket No. 20], which was later supplemented on July 31, 2014 [Docket No. 37] (the "**Factoring Objection**"). The parties resolved the Factoring Objection and on August 13, 2014, the Bankruptcy Court entered an interim order approving the Factoring Motion [Docket No. 79] (the "**Interim Factoring Order**"). Under the Interim Factoring Order, the Company factored $899,742 in receivables. On August 20, 2014, the Bankruptcy Court entered a final order (the "**Final Factoring Order**") approving the Factoring Motion and the Company factored an additional $332,194 in receivables. As of August 22, 2014, the Company factored approximately $1,231,939 in receivables with Prestige. As of this date, Prestige is owed over $1 million and has a lien on all of Cloudeeva Delaware's receivables to secure that obligation.

## Absent a Stay, The Dismissal Order Will Lead to a Shut Down of Cloudeeva Delaware and Loss of Hundreds of Jobs

24.     I understand that if the Dismissal Order is not stayed, the Preliminary Injunction in the BAPL California Litigation will be reinstated. I further understand that Prestige will not be willing to provide additional financing to Cloudeeva Delaware. Moreover, all of Cloudeeva Delaware's receivables are subject to the Factoring Agreement and Lockbox Account

9

Case 3:14-cv-05587-JAP   Document 4-2   Filed 09/09/14   Page 10 of 37 PageID: 651
Case 14-24874-KCF   Doc 148-4   Filed 09/05/14   Entered 09/05/14 14:34:44   Desc
Declaration of Adesh Tyagi iin Support of Motion   Page 10 of 12

arrangement described above.  As a result, Cloudeeva Delaware has no access to the factored

receivables (except for the Reserves, the receipt of which is delayed) and experiences delay in

the receipt of non-factored receivables, cannot otherwise finance its operations because of the

Preliminary Injunction and/or security interest in favor of Prestige and does not have sufficient

cash to continue to operate past September 12, 2014.

25.      Specifically, as of September 1, 2014, excluding payable obligations in excess of

$2.9 million for prior attorney's fees, legal expenses, and due diligence expenses, the Company

has over $3.2 million in outstanding obligations including Cloudeeva Delaware billable

employees, consultants and administrative employees that it must pay by September 15, 2014.

However, the Company has cash on hand totaling much less than that - approximately $1.3

million as of September 1, 2014.  Consequently, the Company will be unable to satisfy its

September 15th obligations.  Further, failure to pay wages to consultants would be devastating to

the Company.  Over 200 consultants are on H1B status, which requires that they be paid a wage.

If the wages of H1B consultants are not paid, they will fall out of status and lose their right to

work in the United States.  The Company would be in breach of its contracts with customers and

vendors.  The Company would cease to operate and could not easily repair the damage caused by

so many consultants losing their H1B status.  In short, failure to pay wages to consultants would

result in the Company going out of business.  Lastly, absent sufficient cash flow and/or

financing, the Company will be unable to pay its attorneys and professionals to defend the BAPL

California Litigation, which has been removed.

**The Dismissal Order Will Allow Creditors to Commence and Continue Litigation**

26.      In the Bankruptcy Court's August 22, 2014 decision granting the Dismissal

Motion, the Bankruptcy Court found that the unsecured claims in these Chapter 11 cases are

10

Case 3:14-cv-05587-JAP   Document 4-2   Filed 09/09/14   Page 11 of 37 PageID: 652

Case 14-24874-KCF   Doc 148-4   Filed 09/05/14   Entered 09/05/14 14:34:44   Desc
Declaration of Adesh Tyagi iin Support of Motion   Page 11 of 12

"small" and that the Company sought to pay the *majority* of the trade debt through their critical

vendor motion and the priority debt through their factoring motion. See Decision, 6:17-19; 6:23-

7:3.

27.    This is not so. Cloudeeva Delaware's schedules of assets and liabilities [Docket

No. 117] reveal unsecured priority claims in the aggregate amount of $1,052,156 and general

unsecured claims in the aggregate amount of $5,281,871. Indeed, the schedules of assets and

liabilities reveal 22 priority unsecured creditors with the largest being the Internal Revenue

Service, which is owed approximately $1 million. Cloudeeva Florida's schedules of assets and

liabilities [Docket No. 116] reveal general unsecured claims in the aggregate amount of

$2,848,671. These claims are against total assets of the Company of $4,989,375.

28.    In the critical vendor motion, the Company sought authority to pay up to

$1,226,054 on an interim basis, and up to $1,451,256 on a final basis – or a maximum of 18% of

the trade debt. As of the entry of the Dismissal Order, the Company had remitted only

approximately $300,000 in critical vendor payments – or 4% of the trade debt – leaving

approximately $7.7 million in general unsecured claims outstanding. Moreover, this does not

even account for the proof of claim filed by BAPL on or about August 15, 2014 in the amount of

$5,935,000 for "money loaned."

29.    I understand that these creditors may now enforce their claims against the

Company because there is no longer an automatic stay. This is particularly troubling because I

understand that the Internal Revenue Service and state taxing authorities may now levy

Cloudeeva Delaware's bank accounts to satisfy back payroll taxes Cloudeeva Delaware could

not afford to pay. In fact, the Internal Revenue Service as recently as September 4, 2014 was

inquiring as to payment. Morever, after the Petition Date, the State of California Employment

11

Case 3:14-cv-05587-JAP   Document 4-2   Filed 09/09/14   Page 12 of 37 PageID: 653
Case 14-24874-KCF   Doc 148-4   Filed 09/05/14   Entered 09/05/14 14:34:44   Desc
Declaration of Adesh Tyagi iin Support of Motion   Page 12 of 12

Development Department (the **"California EDD"**) levied against Cloudeeva Delaware's bank account. The levy was rescinded solely because it was done in violation of the automatic stay. As of August 15, 2014, Cloudeeva Delaware owed the California EDD approximately $230,000. A statement of account is attached as **Exhibit C**.

30.      Further, as set forth in the Company's statement of financial affairs, besides BAPL, the Company was a party to approximately 9 separate litigations in which it was a defendant. I understand that in view of the dismissal of the Cases, it is likely those lawsuits will resume.

31.      For the reasons set forth herein, absent a stay of the Dismissal Order pending appeal, Cloudeeva Delaware will be forced to shut down operations because it will be unable to address creditor enforcement actions or satisfy its operating and legal expenses. The unfortunate, but inevitable, result of the shutdown will be the loss of over 300 jobs. We implore the Court not to let this happen.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Cloudeeva, Inc., Former Debtors and
Debtors-in-Possession

By:_____
          Adesh Tyagi

DATED:  September 5, 2014

12

53249/0001-10947235v5

# EXHIBIT A



F I L E D

OCT 1 ? 2013

DAVID H. YAMASAKI
BY _____ ? his Clvs
                        DEPUTY

Robert Gutierrez

1
2
3
4
5
6
7
8          SUPERIOR COURT OF CALIFORNIA
9            COUNTY OF SANTA CLARA
10
11                                    Case No.    1-13-CV-252952
12   Bartronics Asia PTE LTD,
13               Plaintiffs,           ORDER
14     vs.
15   Cloudeeva, Inc., a Delaware Corporation,
     Cloudeeva, Inc., a Florida Corporation, Adesh
16   Tyagi,
                 Defendants
17
18
19
20        The above-entitled matter came on for hearing on an Order to Show Cause re Preliminary
21   Injunction on October 4, 2013 in Department 13 before the Honorable James L. Stoelker   Mark
22   B. Fredkin appeared on behalf of plaintiff Bartronics Asia PTE LTD. Eugene R. Licker
23   appeared on behalf of defendants Cloudeeva, Inc., a Florida corporation and Cloudeeva, Inc. a
24   Delaware corporation. Bryan I. Reyhani appeared on behalf of defendant Adesh Tyagi  The
25   matter having been briefed, argued and submitted for decision, the Court orders as follows:
26
27        Code of Civil Procedure section 526 sets forth the equitable prerequisites for the granting
28   of a preliminary injunction. In applying each of those items to the facts presented by

1   declarations in this case, the Court is satisfied that a preliminary injunction should be
2   GRANTED.
3
4           The Court finds that there is a reasonable probability that plaintiff will succeed on the
5   merits  It appears to be without controversy that Mr. Tyagi suffered a felony conviction in the
6   past. The issue then is whether that fact justifies a setting aside or rescission of the transaction
7   that eventually placed Mr. Tyagi in control of Cloudeeva, Inc.  A number of competing issues
8   will be tried to determine whether the disclosure of the conviction was anticipated or material to
9   the transaction or, perhaps more importantly, whether that lack of disclosure affects the future
10  success of the entities' financial interests going forward.  Without deciding those issues now,
11  there is sufficient evidence so that it is reasonably probable to conclude that Mr. Tyagi's
12  qualifications, including criminal convictions for fraud, were material to the original agreement.
13  Without deciding whether the fact of the conviction necessarily suggests future malfeasance in
14  the operation of Cloudeeva, this Court does conclude that a legal remedy will be inadequate to
15  restore the parties to their original positions should rescission be granted.  Plaintiff is likely to
16  suffer irreparable harm if the operations of Cloudeeva make dramatic and irreversible changes in
17  the structure of the company while this case is pending
18
19          This Court has considered the balancing of equities in structuring the terms of the
20  preliminary injunction.  It has no intention of freezing the operations of the company to the
21  demise of any practical business plan.  Both sides agree that ultimately the success of the
22  company is of critical importance.  Plaintiff hopes to recover by rescission a thriving healthy
23  entity.  Defendants intend to reach the goal for which the transaction was intended.  Therefore, in
24  balancing the harm to be suffered by each side and the benefit to be provided, the terms of the
25  preliminary injunction allow the general conduct of the business of Cloudeeva to be carried on
26  unfettered in the control of Mr. Tyagi.  Plaintiff is to have the ability to monitor all significant
27  transactions.  Understandably, this does not result in maintaining the current status quo
28  However, plaintiff has conceded that it does not necessarily want to stop all progress but is

1   willing to consider each business decision by Mr. Tyagi and to consent to each as it comes up.
2   This degree of control very well may have a detrimental effect on the ability to timely transact
3   the reasonable business of the company. Therefore, plaintiff is urged to take a longer view and
4   to allow Mr. Tyagi to take those steps he believes necessary for the success of the business plan
5   Only when those steps appear to lead to irreversible financial detriment or obvious self-dealing
6   should the Court be called upon to intervene  The Court is reluctant to involve itself deeply in
7   regulating the relationship of the parties. (*Klein v. Chevron U S.A., Inc.* (2012) 202 Cal.App.4[th]
8   1342)  Mr. Tyagi is well advised to be mindful of those conditions of this order which require
9   actions to be taken in the "ordinary course of company business".

10

11       Therefore, the Court orders as follows·

12

13       (1) Defendants Adesh Tyagi and Systems America. Inc. a Florida corporation also
14           known as Cloudeeva, Inc , a Florida corporation [hereinafter collectively referred to
15           as Cloudeeva, Inc ] are restrained from transferring or disposing of Cloudeeva, Inc., a
16           Delaware corporations' money or assets to them or for purposes which are outside
17           the ordinary course of the company's business. For purposes of this order, the
18           attorneys fees of Cloudeeva, Inc., a Delaware Corporation, in defense of this
19           litigation are to be considered expenses incurred in the "ordinary course of business"
20           and the attorneys fees of Mr Tyagi are not;

21

22       (2) Adesh Tyagi and Cloudeeva are restrained from encumbering any assets of
23           Cloudeeva, a Delaware corporation or using any assets of Cloudeeva, a Delaware
24           corporation, as collateral for any loan;

25

26       (3) Adesh Tyagi and/or Cloudeeva, Inc., may not seek to reorganize or merge
27           Cloudeeva, a Delaware corporation and/or Cloudeeva, a Florida corporation, with
28           other companies;

(4) Adesh Tyagi shall prepare and provide to Srinivas Yella, Bartonics' appointed director to Cloudeeva, Inc. weekly copies of all bank statements, cancelled checks and other records showing the business purpose of any expenditures made by Cloudeeva, a Delaware corporation.

(5) Adesh Tyagi and/or Cloudeeva, Inc , shall keep Srinivas Yella informed of all business plans prior to consummation and/or prospective transactions which could substantially impact the money or assets of the company;

(6) Plaintiff shall seek relief from this Court for any prospective transaction deemed to be outside the ordinary course of the company's business or which could substantially impact the money or assets of the company and which it contends is detrimental to the financial best interests of the company

(7) The Court *must* order an undertaking as a condition for the preliminary injunction (CCP section 529). However, the bond may be waived by the party to be enjoined by the conscious failure to address the bond requirement at the preliminary injunction hearing.  This Court does not know whether defendants consciously elected not to request a bond.  However, there is no evidence before the Court at this time upon which to set an appropriate bond amount.  This preliminary injunction is issued without an undertaking on the basis of defendants' waiver.  Defendant may raise the issue in the future upon a proper showing

Dated: __10 - 15 - 13__

_____
Hon  James L. Stoelker
Superior Court Judge



THE FOREGOING INSTRUMENT IS
A CORRECT COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE
ATTEST: DAVID H. YAMASAKI

APR 1 8 2014

CHIEF EXECUTIVE OFFICER/CLERK
SUPERIOR COURT OF CA COUNTY OF SANTA CLARA
IN AND FOR THE COUNTY OF SANTA CLARA
BY_____ DEPUTY
K. Kubo
Legal Process Clerk

# EXHIBIT B

**(ENDORSED)**
**F I L E D**

JUN 09 2014

DAVID H. YAMASAKI
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY_____DEPUTY

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SANTA CLARA

|   |   |
|---|---|
| BARTRONICS ASIA, PTE, LTD., | Case No.   1-13-CV-252952 |
| Plaintiffs, | ORDER |
| vs. |   |
| ADESH TYAGI, CLOUDEEVA, INC., a Delaware Corporation, et. al., Defendants/Cross-Complainants |   |

On June 6, 2014, the above-entitled matter came on for hearing on two motions, Motion to Modify Court's Order of March 10, 2014 Authorizing Cloudeeva, Inc. to Factor Receivables and Motion to Increase the Amount of the Bond Posted by Plaintiff, both brought by Defendants Cloudeeva in Department 13 before the Honorable James L. Stoelker. Attorneys Scott Hammel and Stephen Moses appeared for Defendants and moving parties. Mark B. Fredkin and David Kays appeared for plaintiff Bartronics. The matters having been briefed, argued and submitted, the Court rules as follows:

Defendant's motion to authorize factoring receivables is DENIED. Plaintiff has argued that the Court does not have jurisdiction to hear this motion because it is a repeat of the same

1  motion heard on May 9, 2014 for which an order was made denying the request on May 14,

2  2014. Plaintiff contends that this motion is, in essence, a motion for reconsideration which fails

3  to comply with Code of Civil Procedure section 1008. Defendants, however, contend that a

4  motion to amend the preliminary injunction can be made at any time pursuant to Code of Civil

5  Procedure section 533.   This Court, in light of its ruling on this matter, has elected to disregard

6  the procedural objections and to hear the matter on the merits.

7

8       The original preliminary injunction in this action restrained defendants' ability to incur

9  debt.  Defendant's motion brought on March 7, 2014 asked for an exception to the terms of the

10 preliminary injunction on the basis of extreme financial necessity – in effect, to avoid the

11 collapse of the company. In support of that application Mr. Vitkov stated in his declarations that

12 a lockout from its India facilities (attributed to the fault of Plaintiff) caused an interruption in its

13 cash flow and a shortfall in its ability to pay its obligations which came due on February 15,

14 2014. Factoring would allow the company to "bridge the gap in our liquidity crisis".  As a

15 result, by its order of March 10, 2014, this court reluctantly granted factoring consistent with the

16 limited request made by Mr. Vitkov and subject to strict conditions aimed at specifically

17 addressing the emergency.

18

19      Now, the Declaration of Mark Vitkov dated June 4, 2014 asserts that "Cloudeeva

20 Delaware absolutely will need factoring" to pay the payroll which is due on June 14, 2014.  In

21 paragraph 13, Mr. Vitkov states that "[t]here is absolutely no cash reserve as Mr. Putta would

22 like the court to believe".  In the declaration of Mr. Tyagi dated June 4, 2014, he contends that

23 the company is forced to search for solutions to "the immediate problem of a huge cash

24 shortfall".  Mr. Tyagi claims that had he known that continued factoring for the foreseeable

25 future would not have been allowed, he would not have committed his personal guaranty.  These

26 statements follow closely after recent declarations dated March 4, 2014 in opposition to

27 plaintiff's motion for appointment of a receiver in which defendants clearly indicated that

28

1  Cloudeeva is "growing and prospering under the leadership of current management" and
2  generating a positive cash flow.

4      The evidence is conflicting regarding the exact current financial condition of the
5  company. This court does not have an audited financial statement or other facts to determine
6  whether the company is being competently managed. However, it does recognize that the
7  company appears to have become dependant upon factoring as a long-term business plan.   Given
8  the apparent difficulty defendant has had in estimating the duration of the need for and the actual
9  costs of factoring and in complying with the court's conditions placed on obtaining factoring,
10  this court is unwilling to further extend the exception to allow the company to increase its
11  operating costs and/or to incur debt while this action is pending. The court finds no new facts
12  which would compel it to come to a conclusion different from that reached on May 14, 2014.
13  Defendant must explore other ways in which to meet its payroll obligations on the short term.

15      Defendant's motion to increase the amount of the bond is DENIED. In its prior order,
16  this court indicated that it would consider increasing the amount of the bond to reflect
17  defendant's obligation for termination fees attributed to the S&T AG transaction if those
18  amounts became legally awardable and fixed prior to the preliminary injunction on October 16,
19  2013. This motion attempts to satisfy those requirements by providing evidence of this
20  obligation through a Letter of Intent dated September 5, 2013 (amended November 19, 2013)
21  which contains in paragraph 7 an amount of the break-up fees of 1,180,000 Euros. The
22  declaration includes a letter from S&T AG in which that company terminates the letter of intent
23  on the grounds that Cloudeeva failed to "publish the Announcement" prior to February 20, 2014
24  after having *satisfied all the conditions precedent set out in Clause 5.1 of the LOI.* Assuming
25  that the conditions of paragraph 5.1 were satisfied or waived by Cloudeeva after October 16,
26  2013, the potential obligation for the break-up fee was incurred after the preliminary injunction
27  and in violation of its terms which restrained any acquisitions by Defendant during the pendency
28  of this action. This is especially significant in light of the Declaration of Mr. Vitkov dated

1   January 22, 2014 in which he stated that on that same date Cloudeeva announced that it had

2   completed its due diligence efforts with regard to S&T and assured the court that Plaintiff's

3   Motion to Compel could be continued without consequence because Cloudeeva would not "enter

4   into a definitive agreement with S&T before the Court has an opportunity to decide Plaintiff's

5   Motion to Compel Performance" and  break-up fees are not triggered until Cloudeeva enters into

6   such a "definitive agreement".   Even if Mr. Vitkov was mistaken as to the legal significance of

7   Cloudeeva's actions, it is apparent that the obligation was not incurred, if at all, until after

8   October 16, 2013. Therefore, the risk of liability for the break-up fee rests on Defendant and the

9   bond need not be increased to cover that potential liability.

10

11

12   Dated:   JUN 0 9 2014            **James L. Stoelker**

13                                     Hon. James L. Stoelker

14                                     Superior Court Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SANTA CLARA | (ENDORSED)<br>F I L E D<br>JUN 09 2014<br>DAVID H. YAMASAKI<br>Chief Executive Officer/Clerk<br>Superior Court of CA County of Santa Clara<br>BY Robert Gutierrez DEPUTY |
|---|---|
| Plaintiff:<br>BARTRONICS ASIA, PTE, LTD | |
| Defendant:<br>ADESH TYAGI, CLOUDEEVA, INC., a Delaware Corporation,<br>et al. | |
| **PROOF OF SERVICE BY MAIL OF:**<br>**ORDER** | **Case Number:**<br>**1-13-CV-252952** |

CLERK'S CERTIFICATE OF SERVICE:   I certify that I am not a party to this case and that a true copy of this document was mailed first class, postage fully prepaid, in a sealed envelope addressed as shown below and the document was mailed at SAN JOSE, CALIFORNIA on : June 9, 2014

David H. Yamasaki, Chief Executive Officer/Clerk

BY    Robert Gutierrez    , Deputy
       Robert Gutierrez

Eugene R. Licker
Loeb & Loeb, LLP
345 Park Avenue
New York, NY  10154

Stephen Moses
Cloudeeva
2633 Camino Ramon, Suite 455
San Ramon, CA  94583

Bryan I Reyhani
Reyhani Nemirovsky LLP
200 Park Ave., 17th Floor
New York, NY  10166

Mark B. Fredkin
Morgan Franich Fredkin & Marsh
99 Almaden Boulevard, Suite 1000
San Jose, CA  95113-1606

Proof of service
Clerk's Certificate of Service

# EXHIBIT C

EDD     DE 2176
PO BOX 826880 MIC 92E
SACRAMENTO, CA 94280-0001


**EDD** Employment Development Department
State of California

| | |
|---|---|
| Letter ID: | L0183077696 |
| Issued Date: | August 15, 2014 |
| Mail Date: | August 22, 2014 |
| Account ID: | 427-7913-2 |
| | 788897792_P931_E824 |

CLOUDEEVA, INC
2633 CAMINO RAMON STE 455
SAN RAMON CA 94583-9149

## Statement of Account

This is a summary of your liability for each period, along with the balance owed on your account. The daily interest for these liabilities has been calculated through August 30, 2014. Payment may be submitted online through our secure Web site or by mail using the attached payment voucher at the bottom of the page.

**Account ID: 427-7913-2 Account Type: Employment Tax**

| Period Ending | Tax | Penalty | Interest | Credit | Balance |
|---|---|---|---|---|---|
| 31-Dec-2002 | $11,781.64 | $1,826.86 | $6,064.23 | $11,511.38 | $8,161.35 |
| 31-Mar-2003 | $2,659.53 | $534.18 | $2,065.92 | $147.22 | $5,112.41 |
| 30-Jun-2003 | $2,786.90 | $4,990.75 | $5,332.13 | $0.02 | $13,109.76 |
| 30-Sep-2003 | $2,786.90 | $4,990.75 | $5,173.05 | $0.00 | $12,950.70 |
| 31-Dec-2003 | $2,701.90 | $4,982.25 | $4,990.30 | $0.00 | $12,674.45 |
| 31-Mar-2004 | $8,076.83 | $10,499.88 | $11,658.73 | $0.00 | $30,235.44 |
| 30-Jun-2004 | $3,869.79 | $773.96 | $2,723.23 | $0.00 | $7,366.98 |
| 30-Sep-2004 | $1,643.62 | $328.72 | $1,127.40 | $0.00 | $3,099.74 |
| 31-Dec-2004 | $56,613.59 | $11,263.46 | $37,636.75 | $296.31 | $105,217.49 |
| 31-Mar-2005 | $1,832.82 | $355.79 | $1,152.63 | $0.00 | $3,341.24 |
| 30-Jun-2005 | $5,596.01 | $613.76 | $1,939.44 | $2,527.19 | $5,622.02 |
| 30-Sep-2005 | $17,214.99 | $2,162.96 | $6,526.98 | $6,210.32 | $19,694.61 |
| 30-Sep-2012 | $3,674.08 | $691.82 | $193.62 | $978.70 | $3,580.82 |
| 31-Mar-2014 | $51,869.75 | $1,357.42 | $22.54 | $51,869.75 | $1,379.96 |
| Total: | | | | | $231,546.97 |

DE 2176 Rev. 10 (9-11)    **e-Services for Business. Online. Anytime.**    https://eddservices.edd.ca.gov

Detach and return this portion with payment

| Account ID | Amount Due |
|---|---|
| 427-7913-2 | *$0.00 |
| **Letter ID** | **Issue Date** |
| L0183077696 | August 15, 2014 |
| **Statement ID** | |
| 183077696 | |

Make remittances payable to Employment Development
Department. Include Account ID on all checks and inquiries.

*This does not include Bankruptcy amounts.


**EDD** Employment Development Department
State of California

CLOUDEEVA, INC
2633 CAMINO RAMON STE 455
SAN RAMON CA 94583-9149

EMPLOYMENT DEVELOPMENT DEPT
PO BOX 989061
WEST SACRAMENTO, CA 95798-9061

DE 2176 Rev. 10 (9-11)

427791322991231000000000000065000018307769b1231999918

Order Filed on
9/5/2014
by Clerk U.S. Bankruptcy
Court District of New Jersey

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>COLE, SCHOTZ, MEISEL,<br>FORMAN & LEONARD, P.A.<br>A Professional Corporation<br>Court Plaza North<br>25 Main Street<br>P.O. Box 800<br>Hackensack, New Jersey 07602-0800<br>(201) 489-3000<br>(201) 489-1536 Facsimile<br>Michael D. Sirota<br>Ilana Volkov<br>Ryan T. Jareck<br>(201) 489-3000<br>(201) 489-1536 Facsimile<br>Appellate Counsel for Cloudeeva, Inc.,<br>Former Debtors and Debtors-in-Possession | Case No. 14-24874 (KCF)<br><br>Judge: Kathryn C. Ferguson<br><br>Chapter 11<br><br>(Jointly Administered) |
| In re:<br><br>CLOUDEEVA, INC.,<br><br>                Former Debtors and Debtors-in-<br>                Possession. [1] | |

**ORDER SHORTENING TIME FOR NOTICE OF HEARING ON MOTION OF
CLOUDEEVA, INC. PURSUANT TO FED. R. BANKR. P. 8005 FOR A STAY PENDING
APPEAL OF THE ORDER DISMISSING CHAPTER 11 CASES**

The relief set forth on the following pages, numbered two (2) through four (4), is hereby
**ORDERED**.

**DATED: 9/5/2014**

_____
Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

_____

[1] The former debtors and debtors-in-possession in these Chapter 11 cases are Cloudeeva, Inc., a
Delaware corporation, and Cloudeeva, Inc., a Florida corporation.

53249/0001-10949475v1

(Page 2)
Debtors:              CLOUDEEVA, INC.
Case No.              14-24874 (KCF)
Caption of Order:     ORDER SHORTENING TIME FOR NOTICE OF HEARING ON
                      MOTION OF CLOUDEEVA, INC. PURSUANT TO FED. R. BANKR. P.
                      8005 FOR A STAY PENDING APPEAL OF THE ORDER DISMISSING
                      CHAPTER 11 CASES

---

THIS MATTER having been opened to the Court by Cloudeeva, Inc., a Delaware

corporation, and Cloudeeva, Inc., a Florida corporation (collectively, the "**Company**"), the

former debtors and debtors-in-possession in these Chapter 11 cases, by and through their

appellate counsel, Cole, Schotz, Meisel, Forman & Leonard, P.A., upon an Application for an

Order Shortening Time for Notice of Hearing on the Company's motion (the "**Stay Motion**")

pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure for a stay pending appeal of

this Court's August 22, 2014 order dismissing the Cases [Docket No. 130] (the "**Dismissal**

**Order**");

IT IS ORDERED as follows:

1.      The time period required by Local Rule of Bankruptcy Procedure 9013-1(c) for

notice of a hearing on the Stay Motion be and hereby is reduced as set forth herein.

2.      A hearing on the Stay Motion shall be conducted on the _16th_ **day of**

**September, 2014, at** _11_:_00_ _a_.m., before the Honorable Kathryn C. Ferguson, United States

Bankruptcy Judge, at the United States Bankruptcy Court, 402 East State Street, Trenton, New

Jersey 08608, Courtroom # 2.

3.      On the date hereof, true copies of this Order, the supporting Application and all

pleadings submitted in support of the Stay Motion shall be served via overnight ~~or~~ electronic and

mail, ~~except to the extent any said parties receive electronic notification of filings via the Court's~~

53249/0001-10949475v1

*Approved by Judge Kathryn C. Ferguson September 05, 2014*

(Page 3)
Debtors:              CLOUDEEVA, INC.
Case No.              14-24874 (KCF)
Caption of Order:     ORDER SHORTENING TIME FOR NOTICE OF HEARING ON
                      MOTION OF CLOUDEEVA, INC. PURSUANT TO FED. R. BANKR. P.
                      8005 FOR A STAY PENDING APPEAL OF THE ORDER DISMISSING
                      CHAPTER 11 CASES

CM/ECF System, upon the following parties: (i) the United States Trustee for the District of

New Jersey; (ii) counsel to Bartronics Asia Pte. Ltd.; and (iii) all other parties who have filed a

Notice of Appearance and Request for Service of Papers in these Cases.  Such notice shall be

deemed good and sufficient notice under the applicable Federal and Local Rules of Bankruptcy

Procedure.

    4.    Any objections to the relief requested in the Stay Motion shall: (i) be in writing,

(ii) state with particularity the basis of the objection; and (iii) be filed with the Clerk of the

United States Bankruptcy Court electronically by attorneys who regularly practice before the

Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing,

Signing, and Verification of Documents dated March 27, 2002 (the "**General Order**") and the

Commentary Supplementing Administrative Procedures dated as of March 2004 (the

"**Supplemental Commentary**") (the General Order, the Supplemental Commentary and the

User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the

official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in

Portable Document Format (PDF), and shall be served in accordance with the General Order and

the Supplemental Commentary, so as to be received no later than **September   12 , 2014, at**

**2 : 00p.m.**

*Approved by Judge Kathryn C. Ferguson September  05, 2014*

(Page 4)
Debtors:                CLOUDEEVA, INC.
Case No.                14-24874 (KCF)
Caption of Order:       ORDER SHORTENING TIME FOR NOTICE OF HEARING ON
                        MOTION OF CLOUDEEVA, INC. PURSUANT TO FED. R. BANKR. P.
                        8005 FOR A STAY PENDING APPEAL OF THE ORDER DISMISSING
                        CHAPTER 11 CASES

---

5.   ~~Unless objections are timely filed, the Stay Motion shall be deemed uncontested~~

~~in accordance with D.N.J. LBR 9013-1(a) and the relief requested may be granted without a~~

~~hearing.~~

53249/0001-10949475v1

*Approved by Judge Kathryn C. Ferguson September 05, 2014*



**Cole Schotz**

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD P.A.

Michael D. Sirota
Member
Admitted in NJ and NY

Reply to New Jersey Office
Writer's Direct Line: 201-525-6262
Writer's Direct Fax: 201-678-6262
Writer's E-Mail: msirota@coleschotz.com

Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201-489-3000   201-489-1536   fax
—
New York
—
Delaware
—
Maryland
—
Texas

September 8, 2014

**Via ECF and Email at chambers_of_kcf@njb.uscourts.gov**
Honorable Kathryn C. Ferguson, U.S.B.J.
United States Bankruptcy Court
United States Court House, 3rd Floor
402 East State Street
Trenton, New Jersey  08608

          Re:   Cloudeeva, Inc.
                Case No. 14-24874

Dear Judge Ferguson:

          This firm is appellate counsel to Cloudeeva, Inc., a Delaware corporation ("**Cloudeeva Delaware**"), and Cloudeeva, Inc., a Florida corporation ("**Cloudeeva Florida**" and, together with Cloudeeva Delaware, referred to herein collectively as the "**Company**"), the former debtors and debtors-in-possession in these Chapter 11 cases.

          On September 5, 2014, the Company filed an application [Docket No. 149] (the "**Application**") in support of the Company's request for entry of an Order Shortening Time for notice of the hearing on the Company's motion [Docket No. 148] (the "**Stay Motion**") pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure for a stay pending appeal of this Court's August 22, 2014 order dismissing these Chapter 11 cases [Docket No. 130] (the "**Dismissal Order**").

          In the Application and Declaration of Adesh Tyagi submitted in support of the Stay Motion (the "**Tyagi Declaration**"), the Company stated that it cannot finance its operations and does not have sufficient cash to meet ordinary and necessary operating expenses, including payroll, which are due on **September 15, 2014**.  Application, ¶ 6; Tyagi Declaration, ¶¶ 24-25.  Therefore, absent a stay of the Dismissal Order pending appeal, the Company will be forced to shut down operations and terminate over 300 employees and consultants.  Application, ¶ 7; Tyagi Declaration, ¶¶ 24-25.  To avoid this irreparable injury, the Company respectfully requested in the Application that the Court schedule an expedited hearing on and allow for shortened notice of the Stay Motion.  Application, ¶ 7.

www.coleschotz.com

53249/0001-10966096v1

Cole, Schotz, Meisel, Forman & Leonard, P.A.
Attorneys at law

Honorable Kathryn C. Ferguson, U.S.B.J.
September 8, 2014
Page 2

On September 5, 2014, this Court entered an Order Shortening Time in connection with the Stay Motion, and set a hearing date for September 16, 2014, at 11:00 a.m., **one day after** the Company is obligated to make necessary payments that it cannot afford to make as a result of the Dismissal Order (which cut off the Company's access to much needed financing).

Most respectfully, we request a hearing before Your Honor (or ruling on the papers), if at all possible, by Tuesday, September 9, 2014, so that should Your Honor deny the stay, we have sufficient time to request a stay from the United States District Court in advance of September 15, 2014.  Thank you for Your Honor's consideration.

Respectfully submitted,

*/s/ Michael D. Sirota*

Michael D. Sirota

MDS:rtj
cc:   Ilana Volkov, Esq. (via email)
      Richard Meth, Esq. (via email)
      Daniel Saval, Esq. (via email)
      Mitchell Hausman, Esq. (via email)
      Paul Justi, Esq. (via email)
      Jeffrey Cooper (via email)
      Jonathan Rabinowitz, Esq. (via email)

## Miscellaneous:

14-24874-KCF Cloudeeva, Inc. **Debtor dismissed** 08/22/2014

| | | |
|---|---|---|
| Type: bk | Chapter: 11 v | Office: 3 (Trenton) |
| Assets: y | Debtor disposition: Dismissed for Other Reason | Judge: KCF |

**U.S. Bankruptcy Court**

**District of New Jersey**

Notice of Electronic Filing

The following transaction was received from Richard M. Meth entered on 9/8/2014 at 1:53 PM EDT and filed on 9/8/2014

**Case Name:**      Cloudeeva, Inc.
**Case Number:**   14-24874-KCF
**Document Number:** 155

**Docket Text:**
Document re: Letter to Judge Ferguson responding to letter requesting hearing on Motion for Stay be conducted on September 9, 2014 (related document:[153] Document filed by Debtor Cloudeeva, Inc.) filed by Richard M. Meth on behalf of Bartronics Asia PTE Ltd.. (Meth, Richard)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** N:\NRPortbl\tempfiles\Cloudeeva - Letter to Judge Ferguson in Response to Request to Conduct Hearing on Stay Motion on September 9th.PDF
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1002741850 [Date=9/8/2014] [FileNumber=39605276-0
] [0587d01765e443caffb3287932592fa6d2f21066659f9beab4f2161c6ddd529f301
01467f94fda302971ef066168871e3456e9bb3950afd94c30109cc0881286]]

**14-24874-KCF Notice will be electronically mailed to:**
U.S. Trustees Office

Jeffrey A. Cooper on behalf of Creditor Prestige Capital Corporation
jcooper@rltlawfirm.com, cooperatty@aol.com

Ryan T. Jareck on behalf of Debtor Cloudeeva, Inc.
rjareck@coleschotz.com, fpisano@coleschotz.com

Ira M. Levee on behalf of Debtor Cloudeeva, Inc.
ilevee@lowenstein.com, metkin@lowenstein.com

Ira M. Levee on behalf of Plaintiff Cloudeeva, Inc.
ilevee@lowenstein.com, metkin@lowenstein.com

**BROWNRUDNICK**

DANIEL J. SAVAL

direct dial: (212) 209-4905

dsaval@brownrudnick.com

Seven
Times
Square
New York
New York
10036
*tel* 212.209.4800
*fax* 212.209.4801

September 8, 2014

The Honorable Kathryn C. Ferguson
United States Bankruptcy Court
402 E State Street
Trenton, New Jersey 08608

Re:   **In re: Cloudceva, Inc.**
       **Case No. 14-24874 (KCF)**

Dear Judge Ferguson:

On behalf of Bartronics Asia, Pte Ltd. ("BAPL"), we write in response to the letter of Michael Sirota, requesting that, notwithstanding the Order Shortening Time entered this past Friday, this Court schedule a hearing on Cloudeeva's Stay Motion by tomorrow, September 9. Under the facts and circumstances, we submit there is no basis to further expedite the hearing, and we respectfully request that the Court maintain the existing schedule.

In support of the request, Mr. Sirota claims that "absent a stay of the Dismissal Order pending appeal, the Company will be forced to shut down operations and terminate over 300 employees and consultants." That claim is based on the absurd position that the only way Cloudeeva can factor its receivables to make the September 15 payroll (assuming factoring is even necessary to do so) is for this Court to resuscitate the dismissed Chapter 11 cases.

Upon the dismissal of the Chapter 11 cases, Cloudeeva became subject again to a preliminary injunction in the California proceedings, the purpose of which is to maintain the status quo and *protect the business* pending the outcome of the arbitration. As the Court is aware, the California Court granted an initial application by Cloudeeva to modify the preliminary injunction to allow limited factoring, but denied a second application in June because Cloudeeva did not comply with the conditions imposed by the California Court. If Cloudeeva now believes it needs to factor in order to make the September 15 payroll, there is nothing preventing it from making an emergency application to the California Court to permit that borrowing.

Although Cloudeeva has not reached out to BAPL to discuss the situation, we hereby represent, on behalf of BAPL, that BAPL will not oppose a modification of the preliminary injunction in the California proceedings to enable Cloudeeva to factor receivables if and to the extent necessary to allow Cloudeeva to make the September 15 payroll, provided that Cloudeeva in fact demonstrates that need[1] and provided reasonable conditions are imposed to protect the interests of the Company.

_____

[1] BAPL notes that Cloudeeva had a cash balance of approximately $1.4 million as of August 30, 2014, and the Company will generate additional revenue prior to the September 15 payroll date. In addition, Cloudeeva states in its Stay Motion (at p. 12) that only approximately $300,000 in critical vendor payments had been made as of the entry of the Dismissal Order, even though payments of approximately $1.5 million had been authorized and included in the budget. Moreover, the record in the dismissed Chapter 11 cases and in the California proceedings demonstrates that Cloudeeva (i) has been unable to accurately assess its need for financing and (ii)



The Honorable Kathryn C. Ferguson
September 8, 2014
Page 2

Indeed, as this Court is aware, BAPL negotiated and agreed to an interim factoring arrangement during the Chapter 11 cases so that the Company could make the August 15 payroll. Cloudeeva's stay request, and the claim that a hearing on that request needs to be held by tomorrow, is only further evidence of the forum shopping that this Court found was the reason for the Chapter 11 filing.

In addition, we note that the Stay Motion was filed two weeks following entry of the Dismissal Order. Although Cloudeeva is now represented by new counsel, Cole Schotz, that firm filed a notice of appeal on August 29, one week prior to the filing of the Stay Motion. If Cloudeeva truly believed that that it was necessary for its Stay Motion to be heard no later than tomorrow, it had ample opportunity to file the motion earlier and allow BAPL a reasonable opportunity to respond.

For all of the reasons set forth above, BAPL respectfully requests that the Court maintain the existing schedule for the Stay Motion as set forth in the Order Shortening Time. BAPL otherwise reserves, and does not waive, all rights and arguments in connection with the Stay Motion.

We are available to address any questions the Court may have.

Respectfully,

Daniel J. Saval

cc:     Michael D. Sirota, Esq. (via email)
        Ilana Volkov, Esq. (via email)
        Ryan T. Jareck, Esq. (via email)
        Kenneth A. Rosen, Esq. (via email)
        Jeffrey D. Prol (via email)
        Ira M. Levee, Esq. (via email)
        Douglas S. Knehr, Esq., MBA, CIPP/US (via email)
        Jeffrey A. Cooper, Esq. (via email)
        Jonathan I. Rabinowitz, Esq. (via email)
        Paul B Justi, Esq. (via email)
        Shining J. Hsu, Esq. (via email)

---

has used the proceeds of financing for improper purposes. Indeed, following the California Court's June 9 order denying the second request for factoring, Cloudeeva was able to pay its employees without factoring through the commencement of the Chapter 11 cases. The extent to which any additional financing is necessary is a matter that the California Court can and should address, and BAPL stands ready to engage Cloudeeva on this matter immediately.

## Jareck, Ryan

| | |
|---|---|
| **From:** | dana_muccie@njb.uscourts.gov on behalf of chambers_of_kcf@njb.uscourts.gov |
| **Sent:** | Monday, September 08, 2014 3:02 PM |
| **To:** | Pisano, Frances |
| **Cc:** | dsaval@brownrudnick.com; Volkov, Ilana; jcooper@rltlawfirm.com; jrabinowitz@rltlawfirm.com; Mitchell.B.Hausman@usdoj.gov; Sirota, Michael; pbjusti@comcast.net; Jareck, Ryan; 'rmeth@foxrothschild.com' |

**Subject:** Re: Cloudeeva, Inc. - Case No. 14-24874 [IWOV-CSDOCS.FID1713764]

Judge Ferguson has reviewed your letter as well as the letter from Daniel J. Saval.  Judge Ferguson is not inclined to change the date of the hearing on the motion for stay pending appeal.


Dana Muccie
Judicial Assistant To
The Honorable Kathryn C. Ferguson, USBJ
US Bankruptcy Court
(609) 858-9351


From:     "Pisano, Frances" <FPisano@coleschotz.com>
To:       "chambers_of_kcf@njb.uscourts.gov" <chambers_of_kcf@njb.uscourts.gov>
Cc:       "'rmeth@foxrothschild.com'" <rmeth@foxrothschild.com>, "dsaval@brownrudnick.com" <dsaval@brownrudnick.com>,
"Mitchell.B.Hausman@usdoj.gov" <Mitchell.B.Hausman@usdoj.gov>, "pbjusti@comcast.net" <pbjusti@comcast.net>, "jcooper@rltlawfirm.com"
<jcooper@rltlawfirm.com>, "jrabinowitz@rltlawfirm.com" <jrabinowitz@rltlawfirm.com>, Sirota, Michael" <MSirota@coleschotz.com>, "Volkov, Ilana"
<IVolkov@coleschotz.com>, "Jareck, Ryan" <RJareck@coleschotz.com>
Date:     09/08/2014 08:53 AM
Subject:  Cloudeeva, Inc. - Case No. 14-24874 [IWOV-CSDOCS.FID1713764]


Dear Judge Ferguson:

Please see attached correspondence filed in the above-referenced matter this morning.

Respectfully submitted,


**Frances Pisano**
**Paralegal**
25 Main Street | Hackensack, NJ | 07601
Direct 201.525.6253 | Firm 201.489.3000 | Fax 201.678.6253 | fpisano@coleschotz.com
New Jersey   |   New York   |   Delaware   |   Maryland   |   Texas
vCard   |   website

Legal Secretary: Caroline De Courcey-Cote | 201.489.3000 x5020 | Cdecourcey-cote@coleschotz.com

* * * * * *
This e-mail message from Cole, Schotz, Meisel, Forman & Leonard, P.A. is private and may contain
privileged information. If you are not the intended recipient, please do not read, copy or use it or
disclose it to others. If you have received this message in error, please notify the sender immediately by
replying to this message and then delete it from your system.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform
you that any U.S. federal tax advice contained in this communication (including any attachments) is not
intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the
Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction
or matter addressed herein. [attachment "Cloudeeva Inc - Filed 9-8-14 Ltr to Judge Ferguson - ECF DN
153.pdf" deleted by Dana Muccie/NJB/03/USCOURTS]

9/9/2014