# EXHIBIT D

ACTIVE 26530194v1 08/04/2014

**FILED**

MAR 10 2014

DAVID H. YAMASAKI
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____ DEPUTY

Robert Gutierrez

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SANTA CLARA

BARTRONICS ASIA, PTE, LTD.,

    Plaintiffs,

vs.

ADESHTYAGI, CLOUDEEVA, INC., a Delaware Corporation, et. al.,

    Defendants/Cross-Complainants

Case No.   1-13-CV-252952

ORDER

On March 7, 2014 the above-entitled matter came on for hearing on Plaintiff Bartronics Asia PTE LTD's Motion for Appointment of Receiver and on the Application of Defendant Coudeeva, Inc., a Delaware corporation, for an Order Authorizing Cloudeeva to Borrow Funds. Attorneys Mark B. Fredkin and Elizabeth M. Pappy appeared on behalf of Bartronics. Attorneys Eugene R. Licker and William Faulkner appeared on behalf of Cloudeeva. Attorney Steven Moses as in-house counsel for Cloudeeva was also present. The matter having been briefed, argued and submitted, the court rules:

Plaintiff's Motion for Appointment of a Receiver is DENIED. While the financial performance of Cloudeeva in the last two quarters is alarming, the profitability of the company is not the result of conspicuous malfeasance. Inasmuch as the determination of the merits of these underlying claims is likely to be completed within the next five months and due to the difficulty and expense of requiring the immediate intervention of a receiver, the court exercises its discretion not to appoint a receiver at this time. However, Cloudeeva is well advised in the interim to make all of its operations totally transparent to Bartronics.

Defendant's Application to Borrow Funds is GRANTED, IN PART. When the Court issued its preliminary injunction, it included several restrictions to conducting the ordinary course of business designed to protect the financial condition of the company. One such restriction prevents encumbering any assets or using the assets of Cloudeeva for collateral for a loan. This application correctly requests a modification of the prior Order so that it can borrow against its receivables. Bartronics objects to factoring on the grounds is expensive, the request is uncertain in amount, in duration and in how it will be used. Ultimately, factoring dooms the financial health of the company. Notably, Bartronics did not argue that the loan was unnecessary but instead conditionally offered to make its own loan to the company. Cloudeeva responds that it is suffering a short-term cash shortage and must respond immediately lest it do permanent damage to its business operations.

The preliminary injunction of October 16, 2013 is modified to the following extent: Factoring will be allowed as herein limited. Based on the Declaration of Mark Vitcov filed on March 4, 2014, Cloudeeva is authorized to borrow up to 80% of its eligible accounts not to exceed $2.5 million for the next three months, concluding in May, 2014. Cloudeeva is authorized to spend $2,000 as a one time due diligence fee, administrative cost of legal, administrative and field audit work. Cloudeeva is authorized to pay up to $35,000 quarterly interest costs. All of the funds generated by factoring shall be deposited with ADP for the sole purpose of paying billable employees and administration in a total amount not to exceed $1.8

1  million. Cloudeeva shall make contemporaneous written reports to Bartronics setting forth the
2  amounts generated by factoring, the costs associated therewith and the payees receiving the
3  compensation and in what amounts. If it becomes necessary to exceed the limits of the amounts
4  set forth herein (as strongly suggested in Bartronics opposition), Cloudeeva may make an *ex*
5  *parte* application seeking further authority.

Dated: 3-10, 14

Hon. James L. Stoelker
Superior Court Judge