**BROWNRUDNICK**

DANIEL J. SAVAL, ESQ.
direct dial: (212) 209-4905
dsaval@brownrudnick.com

Seven
Times
Square
New York
New York
10036
tel 212.209.4800
fax 212.209.4801

September 22, 2014

<u>VIA ECF</u>

The Honorable Joel A. Pisano
United States District Judge
United States District Court
402 East State Street
Trenton, New Jersey 08608

      Re:    <u>Cloudeeva, Inc. v. Bartronics Asia Pte Ltd.</u>
              <u>Case No. 14-05587 (JAP)</u>
              <u>(Bankruptcy Case No. 14-24874 (KCF))</u>

Dear Judge Pisano:

      As Your Honor is aware, this firm and the Fox Rothschild firm represent Bartronics Asia Pte Ltd. ("**BAPL**") in connection with the above-captioned matter. We write in connection with the competing proposed orders submitted to the Court today by Michael Sirota with respect to this Court's ruling at the September 19 status conference.

      Our understanding is that Your Honor's ruling at the status conference directed a limited remand to the Bankruptcy Court in order to further develop the factual record in support of its order dismissing the Chapter 11 cases, based on Your Honor's inability to make a determination of Cloudeeva's likelihood of success on appeal in connection with its emergency motion for a stay pending appeal, which remains pending before this Court.[1] We thus prepared a proposed order that we believe is consistent with that understanding.

---

[1] In order to reserve BAPL's rights, we respectfully state our position that, if this Court is unable, based on the existing record, to conclude that Cloudeeva has a likelihood of success on appeal, it should deny the motion for a stay pending appeal. Cloudeeva, as the movant, bears the burden of demonstrating, based on the existing record, that it has a likelihood of success on appeal. See <u>DCNC N.C. I, L.L.C. v. Wachovia Bank, N.A.</u>, Nos. 09-3775, 09-3776, 2009 U.S. Dist. LEXIS 93046, at *9 (E.D. Pa. Oct. 5, 2009) ("The party seeking relief bears the burden of demonstrating a likelihood of success on the merits."); <u>Laroe Estates, Inc. v. TD Bank, N.A. (In re 473 W. End Realty Corp.)</u>, Nos. 14 MC 103, 14 CV 2321, 2014 WL 2213082, at *1 (S.D.N.Y. May 12, 2014) (movant failed to show likelihood of success on appeal where it claimed the "law require[d] evidence and there [was] no such evidence in the record at this time," but where it was movant's burden to produce evidence in the bankruptcy court and it failed to do so) (citation omitted). More fundamentally, Cloudeeva must also demonstrate that it will suffer irreparable harm if a stay pending appeal is not granted. See <u>Hertz Corp. v. ANC Rental Corp. (In re ANC Rental Corp.)</u>, 2002 U.S. Dist. LEXIS 9409, at *6-7 (D. Del. May 22, 2002) (denying motion to

      We do not believe the proposed order submitted by Mr. Sirota on behalf of Cloudeeva is consistent with either Your Honor's ruling or the procedural status of this appeal. That proposed order requires the Bankruptcy Court to hold an evidentiary hearing as to whether the Chapter 11 cases should be dismissed.

      If the Cole Schotz order is entered, we believe that it would be tantamount to granting the appeal and vacating the Bankruptcy Court's dismissal order before the stay motion and the appeal have been decided and before the parties have had the opportunity to brief the appeal. BAPL respectfully submits that it is entitled to a fair opportunity to present its arguments on appeal before this Court remands the matter to the Bankruptcy Court to hold an evidentiary hearing as to whether the Chapter 11 cases should be dismissed -- which is the result that Cloudeeva would obtain if it ultimately prevailed in this appeal.[2] Therefore, our position is that the Cole Schotz order should not be entered.

      We thank the Court for considering this letter and our proposed order. We are available to speak with the Court to address this matter.

                                       Respectfully submitted,

                                       Daniel J. Saval

                                       - and -

                                       Fox Rothschild LLP
                                       New Jersey Counsel to BAPL

                            by:  /s/ Richard M. Meth
                                   Richard M. Meth

---

stay pending appeal where, *inter alia*, "although [movants] claim that they will be irreparably harmed in the absence of a stay, they have failed to adduce evidence of the putative injury on the record before the court."). As discussed in our September 15 letter and at the September 19 status conference, our position is that Cloudeeva has not made an adequate showing of irreparable harm. Further, it is our understanding that this Court has not made a finding that Cloudeeva will suffer irreparable harm in the absence of a stay pending appeal.

[2] As discussed in our September 15 letter and at the September 19 status conference, (i) Cloudeeva had a full and fair opportunity to present any and all evidence to the Bankruptcy Court (by way of testimony included in declarations and documents attached as exhibits thereto) in support of its argument that the Chapter 11 cases were filed in good faith, (ii) in making its August 22 ruling, the Bankruptcy Court stated that it was only considering evidence submitted by Cloudeeva (and not any evidence submitted by BAPL), and (iii) Cloudeeva has not identified what additional evidence it would submit if the Bankruptcy Court held an evidentiary hearing.

cc: Michael D. Sirota (via e-mail)
Ilana Volkov (via e-mail)
Ryan T. Jareck (via e-mail)
Sam Della Fera (via e-mail)
Shoshana Schiff (via e-mail)
Anthony Sodono, III (via e-mail)